UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EDWARD LAPE,**

    **Plaintiff,**

    v.                                              Case No.: 8:20-cv-2996-KKM-AAS

**CHRISTOPHER NOCCO et al.,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

The defendants request the court award them $1,700.13 in attorney's fees. (Doc. 34). Plaintiff Edward Lape and Mr. Lape's counsel, attorneys John F. McGuire and Luke Lirot respond an award of $225.00 in attorney's fees is more appropriate. (Doc. 36). It is **RECOMMENDED** that the defendants' motion (Doc. 34) be **GRANTED in part** to the extent that the defendants should be awarded **$615.80** in fees jointly and severally against Attorneys McGuire and Lirot.

**I. BACKGROUND**

This case arises from a severed action involving Christopher Squitieri and other plaintiffs suing the Pasco County Sheriff's Office for alleged violations of state and federal civil racketeering statutes. *See Squitieri v. Nocco*, No. 19cv906-KKM-AAS (*Squitieri*). The relevant procedural history is

1

most succinctly summarized through the following timeline:

- April 16, 2019: Mr. Squitieri and two other plaintiffs sued fifteen current and former employees of the Pasco County Sheriff's Office for alleged violations of state and federal civil racketeering statutes. (*Squitieri*, Doc. 1).

- June 20, 2019: The plaintiffs filed an amended complaint increasing the number of named plaintiffs to twenty and the number of named defendants to forty-five. (*Squitieri*, Doc. 7).

- August 7, 2019: With leave of court, the plaintiffs filed the Second Amended Complaint. (*Squitieri*, Doc. 121).

- August 12, 2019: The defendants moved to dismiss the Second Amended Complaint. (*Squitieri*, Doc. 131).

- September 26, 2019: The defendants moved for monetary sanctions under Federal Rule of Civil Procedure 11. (*Squitieri*, Doc. 142).

- February 27, 2020: District Judge Charlene Honeywell heard oral argument on the defendants' motion to dismiss and concluded the Second Amended Complaint was a shotgun pleading. Judge Honeywell orally granted-in-part the defendants' motion to dismiss, and directed the plaintiffs to file a third amended complaint. (*Squitieri*, Doc. 171).

- April 1, 2020: The plaintiffs filed the Third Amended Complaint. (*Squitieri*, Doc. 169).

- April 13, 2020: The defendants moved to dismiss the Third Amended Complaint. (*Squitieri*, Doc. 170).

- May 14, 2020: The defendants filed a supplemental motion for attorney's fees under Rule 11. (*Squitieri*, Doc. 176).

- June 19, 2020: Judge Honeywell deferred ruling on the defendants' Rule 11 sanctions motion and supplemental Rule 11 attorney's fees motion until the case concluded. (*Squitieri*, Doc. 178).

2

- November 9, 2020: Judge Honeywell severed the plaintiffs' claims and directed the plaintiffs to pursue relief in separate actions. (*Squitieri*, Doc. 189).

- December 16, 2020: Mr. Lape filed a complaint in the newly severed action against six named defendants. (Doc. 1). Mr. Lape's newly severed action was assigned to District Judge Steven Merryday and Magistrate Judge Sean Flynn. (Doc. 3).

- January 7, 2021: The clerk's office reassigned Mr. Squitieri's case to District Judge Kathryn Kimball Mizelle. (*Squitieri*, Doc. 194).

- February 1, 2021: The six named defendants moved to transfer this action to Judge Mizelle. (Doc. 14).

- February 25, 2021: Judge Merryday granted the defendants' motion and directed the Clerk of Court to reassign Mr. Lape's action to Judge Mizelle. (Doc. 20). Mr. Lape filed his Amended Complaint the same day. (Doc. 19).

- March 8, 2021: The defendants moved to dismiss the Amended Complaint. (Doc. 23). Mr. Lape responded on March 29, 2021. (Doc. 25).

- September 13, 2021: Judge Mizelle granted the defendants' motion to dismiss the Amended Complaint. (Doc. 27).

- September 28, 2021: In response to Judge Mizelle's order, the defendants filed a motion for attorney's fees. (Doc. 29).

- February 11, 2022: Judge Mizelle held a hearing and ordered supplemental briefing. (Doc. 32; *Squitieri*, Doc. 222). Judge Mizelle granted-in-part the defendants' motions for attorney's fees (Doc. 29) and allowed for fees pursuant to U.S.C. § 1927, but not the court's inherent authority. (Doc. 33). Judge Mizelle directed the defendants to file a supplemental motion for determination of the amount of attorney's fees. (*Id.*).

The defendants request $1,700.13 in fees against Attorneys McGuire and

3

Lirot for time defense counsel spent defending against "[Mr. Lape's] Amended Complaint and [the defendants'] pursuit of attorneys' fees." (Doc. 34, p. 10).

## II. ANALYSIS

The parties dispute the extent to which the court granted sanctions and attorney's fees. Attorneys McGuire and Lirot raise three central objections to the defendants' fee and sanctions request: (1) defense counsel did not properly confer with Attorneys McGuire and Lirot; (2) some of defense counsel's billed hours are from dates outside the time range for which Judge Mizelle granted sanctions; and (3) some of defense counsel's billed hours are for tasks unrelated to the particular relief granted or the time entries are not specific enough, leaving Attorneys McGuire and Lirot "unable to determine how much of the time billed is related" to the particular relief granted by the court. (Doc. 36, pp. 2–5). This report will address each argument in turn.

### A. Conferral

Attorneys McGuire and Lirot argue defense counsel failed to properly confer in accordance with Local Rule 7.01(c) by not providing the contemporaneous periodic billing statements used to calculate the requested sanctions. (*Id.* at 2–3).

Local Rule 7.01(c) requires parties claiming fees and expenses include "for any disputed rate or hour: (A) the timekeeper's identity, experience, and qualification; (B) the timekeeper's requested hours; (C) each task by the

4

timekeeper during those hours; (D) the timekeeper's requested rate; (E) lead counsel's verification that counsel charges the rate requested, has reviewed each task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable; [and] (F) evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed for similar services by a lawyer of comparable skill, experience, and reputation." Local Rule 7.01(c)(4), M.D. Fla.

Technically, the information contained in defense counsel's prepared spreadsheets complies with the requirements of Local Rule 7.01(c)(4) so defense counsel sufficiently conferred with Attorneys McGuire and Lirot. However, the undersigned agrees providing the actual billing statements would have been a much more efficient and productive use of defense counsel's time. Consequently, this report will not include in the recommendation for awarded fees the $27.30 in fees billed for preparing the spreadsheets.[1]

**B. Hours Billed Out of Time**

Attorneys McGuire and Lirot argue some of defense counsel's billed hours are on dates after the Amended Complaint was dismissed, such that

---

[1] $2.94 (Doc. 34-1, Ex. 1, p. 4, second-to-last entry) + $14.40 (Doc. 34-1, Ex. 1, p. 4, last entry) + $1.96 (Doc. 34-1, Ex. 1, p. 5, third entry) + $8.00 (Doc. 34-1, Ex. 1, p. 5, second-to-last entry) = $27.30.

those hours cannot be awarded to defense counsel under the court's sanctions order. (Doc. 36, p. 5; Doc. 36-2, Exhibit B).

In summary, the court in the *Squitieri* action granted sanctions to the defendants for fees "incurred in defending against the Second Amended *Squitieri* Complaint" against Attorney McGuire and for fees "incurred against the Third and Fourth Amended *Squitieri* Complaints jointly and severally against" Attorneys McGuire and Lirot. (*Squitieri*, Doc. 226, p. 20). The court concluded the Second Amended Complaint and Third Amended Complaint constituted "objectively unreasonable shotgun pleadings," the attorneys responsible for those two complaints should have known the complaints were frivolous shotgun pleadings, and the attorneys' filing of the complaints was sanctionable under Federal Rules of Civil Procedure 11(b)(2). (*Id.* at 6–8, 19). The court similarly concluded the Fourth Amended Complaint brought frivolous civil RICO claims, the attorneys should have known the claims were frivolous, and Rule 11(b)(2) sanctions were also appropriate for the Fourth Amended Complaint. (*Id.* at 7–8, 19). In this action, the court incorporated the reasoning of the sanctions order in the *Squitieri* case and granted the defendants' request for attorney's fees "reasonably incurred responding to [Mr.] Lape's amended complaint." (Doc. 33, p. 2).

As detailed in defense counsel's exhibit, the fees billed after Mr. Lape's Amended Complaint were accumulated in pursuit of obtaining a sanction of

6

attorney's fees in this matter. *See* (Doc. 34-1, Exhibit 1). However, unlike the court's order in the *Squitieri* case, the court in this action only awarded fees for "responding" to the Amended Complaint. (Doc. 33, p. 2). Thus, the undersigned recommends excluding the $924.33 in fees billed after March 8, 2021 (the date the defendants responded to the Amended Complaint).[2]

### C. Hours Billed For Allegedly Unrelated Activities

In Exhibit C, Attorneys McGuire and Lirot list what they claim are "Hours Billed for Unrelated Tasks." (Doc. 36-3, Exhibit C). Attorneys McGuire and Lirot argue these hours were billed for work unrelated to responding to the Amended Complaint. (Doc. 36, p. 5; Doc 36-3, Exhibit C). Attorneys McGuire and Lirot argue defense counsel requests fees "related to correspondence and research regarding fee awards," which they assert are unrelated to responding to the Amended Complaint. (*Id.*).

All but one entry in Attorneys McGuire and Lirot's exhibit was time billed after March 8, 2021. The only relevant entry in Attorneys McGuire and Lirot's exhibit was billed for preparing template motions to dismiss in the severed actions and divided "equally amongst all twelve of the severed cases due to the nature of the task as being more appropriately shared amongst all of the severed cases." (Doc. 34, p. 9). This fee was thus billed in responding to

---

[2] $1,700.13 (total fees billed) - $775.80 (fees billed prior to March 8, 2021) = $924.33.

7

the Amended Complaint and no further reduction of fees for allegedly unrelated tasks is warranted.

### D. Hours Billed For Allegedly Related and Unrelated Tasks in One Billing Block

Attorneys McGuire and Lirot argue one of defense counsel's spreadsheet entries "billed for multiple tasks within the same billing entry" and combined hours related and unrelated to responding to the Amended Complaint. (Doc. 36, p. 5; Doc. 36-4, Exhibit D). This March 8, 2021 billing entry includes time spent preparing both the template motions to dismiss and a joint motion to stay discovery pending the court's ruling on the defendants' motion to dismiss. (*Id.*). Attorneys McGuire and Lirot are correct that the time spent preparing the joint motion to stay discovery does not fall within the purview of the court's order granting sanctions for "responding" to the Amended Complaint. (Doc. 33, p. 2). The undersigned thus recommends excluding 50% of this billed entry (totaling $160.00) from the court's grant of sanctions.

### III. CONCLUSION

It is **RECOMMENDED** that the defendants' Rule 7.01(c) motion for attorney's fees (Doc. 34) should be **GRANTED in part and DENIED in part**.

8

The defendants should be awarded **$615.80** in fees jointly and severally against Attorneys McGuire and Lirot.[3]

**ENTERED** in Tampa, Florida on November 4, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

---

[3] $1,700.13 (total fees billed) − $924.33 (fees billed prior to March 8, 2021) − $160.00 (partially unrelated billing entry on March 8, 2021) = $615.80.

9