## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

EDWARD LAPE,

     Plaintiff,

v.                                                    Case No: 8:20-cv-2996-KKM-AAS

CHRISTOPHER NOCCO et al.,

     Defendants.

_____

## <u>ORDER</u>

On April 18, 2022, I granted in part Defendants' motion for entitlement to attorney's fees in this matter and directed Defendants to file a supplemental motion under Local Rule 7.01(c) to determine the amount of attorney's fees. (Doc. 33.) I then referred the supplemental motion, (Doc. 34), to the Magistrate Judge for a Report and Recommendation, (Doc. 35). After reviewing the motion, Plaintiff's response, (Doc. 36), and all attachments, the Magistrate Judge recommends that the Court grant the motion in part, (Doc. 39). Defendants object, (Doc. 40), and Plaintiff responds to the objection, (Doc. 41).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report

and recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Defendants object to the Magistrate Judge's interpretation of my order on their motion for entitlement to fees. (Doc. 40.) In the order, I concluded that "Lape's attorneys are liable for the 'excess costs, expenses, and attorneys' fees reasonably incurred' by Defendants in *responding* to Lape's Amended Complaint." (Doc. 33 at 2 (emphasis added).) The Magistrate Judge notes that this language was different than that used in the companion order in *Squitieri*, which determined Defendants were entitled to expenses incurred in "defending against" the amended complaints. She therefore recommends that fees billed after the filing of Defendants' motion to dismiss should be excluded.

Admittedly, the differing language created some ambiguity and raised a question as to whether "responding to" and "defending against" bear the same meaning. To clarify, it was not my intent for "responding to" to be read so narrowly, and I used the term interchangeably with the term "defending against" throughout the orders in the companion

cases to this one. For example, in several of the orders, I concluded that the plaintiffs were personally liable for fees incurred "defending against" the § 1983 claim. *See, e.g., Gibson v. Nocco*, No. 8:20-cv-2992, Doc. 32. Later, in the conclusions of those orders, I ordered that those plaintiffs were liable for fees incurred "responding to" the § 1983 claim. *Id.* I used the term "responding" in a broad sense to mean "to react in response," *see* Respond, Merriam Webster, https://www.merriam-webster.com/dictionary/respond, (last visited November 28, 2022), and did not intend to draw a distinction between this case and *Squitieri*.

To the extent that Plaintiff argues this objection is an "attempt to smuggle some challenge to this Court's earlier ruling in an effort to get this Court to reconsider its prior findings," he does not explain why such a reconsideration would be improper. (Doc. 41.) Motions for attorney's fees are not governed by Federal Rule of Civil Procedure Rule 59(e), *see White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 452 (1982), and neither the Federal Rules nor the Local Rules seem to provide a time limit for reconsideration of orders on such motions, *see* Local Rule 7.01. Therefore, whether as a reconsideration of my earlier order or a de novo interpretation of the order, I agree that Defendants are entitled to an award that includes fees incurred in pursuit of sanctions.

Because the Magistrate Judge recommends excluding all fees billed after March 5, 2021, she had no opportunity to make a recommendation as to whether those fees are

reasonable or whether Plaintiff is correct that some of those fees were for unrelated activities. (Doc. 39 at 7–8.) Therefore, the Report and Recommendation is remanded for the Magistrate Judge to consider and recommend whether those fees are reasonable.

Accordingly, the following is **ORDERED**:

1. Defendants' objection to the Magistrate Judge's Report and Recommendation is **SUSTAINED**.

2. The Report and Recommendation (Doc. 39) is **REMANDED** to the Magistrate Judge to file an amended Report and Recommendation considering the reasonableness of the fees incurred after March 5, 2021.

**ORDERED** in Tampa, Florida, on December 6, 2022.

Kathryn Kimball Mizelle
United States District Judge