UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EDWARD LAPE,**

    **Plaintiff,**

    v.                                             Case No.: 8:20-cv-2996-KKM-AAS

**CHRISTOPHER NOCCO et al.,**

    **Defendant.**

_____/

## AMENDED REPORT AND RECOMMENDATION

The defendants request the court award them $1,700.13 in attorney's fees. (Doc. 34). Plaintiff Edward Lape and Mr. Lape's counsel, attorneys John F. McGuire and Luke Lirot respond an award of $225.00 in attorney's fees is more appropriate. (Doc. 36). It is **RECOMMENDED** that the defendants' motion (Doc. 34) be **GRANTED in part** to the extent that the defendants should be awarded **$1,000.06** in fees jointly and severally against Attorneys McGuire and Lirot.

**I.    BACKGROUND**

This case arises from a severed action involving Christopher Squitieri and other plaintiffs suing the Pasco County Sheriff's Office for alleged violations of state and federal civil racketeering statutes. *See Squitieri v. Nocco*, No. 19-cv-906-KKM-AAS (*Squitieri*). The relevant procedural history is

1

most succinctly summarized through the following timeline:

- April 16, 2019: Mr. Squitieri and two other plaintiffs sued fifteen current and former employees of the Pasco County Sheriff's Office for alleged violations of state and federal civil racketeering statutes. (*Squitieri*, Doc. 1).

- June 20, 2019: The plaintiffs filed an amended complaint increasing the number of named plaintiffs to twenty and the number of named defendants to forty-five. (*Squitieri*, Doc. 7).

- August 7, 2019: With leave of court, the plaintiffs filed the Second Amended Complaint. (*Squitieri*, Doc. 121).

- August 12, 2019: The defendants moved to dismiss the Second Amended Complaint. (*Squitieri*, Doc. 131).

- September 26, 2019: The defendants moved for monetary sanctions under Federal Rule of Civil Procedure 11. (*Squitieri*, Doc. 142).

- February 27, 2020: District Judge Charlene Honeywell heard oral argument on the defendants' motion to dismiss and concluded the Second Amended Complaint was a shotgun pleading. Judge Honeywell orally granted-in-part the defendants' motion to dismiss, and directed the plaintiffs to file a third amended complaint. (*Squitieri*, Doc. 171).

- April 1, 2020: The plaintiffs filed the Third Amended Complaint. (*Squitieri*, Doc. 169).

- April 13, 2020: The defendants moved to dismiss the Third Amended Complaint. (*Squitieri*, Doc. 170).

- May 14, 2020: The defendants filed a supplemental motion for attorney's fees under Rule 11. (*Squitieri*, Doc. 176).

- June 19, 2020: Judge Honeywell deferred ruling on the defendants' Rule 11 sanctions motion and supplemental Rule 11 attorney's fees motion until the case concluded. (*Squitieri*, Doc. 178).

- November 9, 2020: Judge Honeywell severed the plaintiffs' claims and directed the plaintiffs to pursue relief in separate actions. (*Squitieri*, Doc. 189).

- December 16, 2020: Mr. Lape filed a complaint in the newly severed action against six named defendants. (Doc. 1). Mr. Lape's newly severed action was assigned to District Judge Steven Merryday and Magistrate Judge Sean Flynn. (Doc. 3).

- January 7, 2021: The clerk's office reassigned Mr. Squitieri's case to District Judge Kathryn Kimball Mizelle. (*Squitieri*, Doc. 194).

- February 1, 2021: The six named defendants moved to transfer this action to Judge Mizelle. (Doc. 14).

- February 25, 2021: Judge Merryday granted the defendants' motion to transfer and directed the Clerk of Court to reassign Mr. Lape's action to Judge Mizelle. (Doc. 20). Mr. Lape filed his Amended Complaint the same day. (Doc. 19).

- March 8, 2021: The defendants moved to dismiss the Amended Complaint. (Doc. 23). Mr. Lape responded on March 29, 2021. (Doc. 25).

- September 13, 2021: Judge Mizelle granted the defendants' motion to dismiss the Amended Complaint. (Doc. 27).

- September 28, 2021: In response to Judge Mizelle's order, the defendants filed a motion for attorney's fees. (Doc. 29).

- February 11, 2022: Judge Mizelle held a hearing and ordered supplemental briefing. (Doc. 32; *Squitieri*, Doc. 222). Judge Mizelle granted-in-part the defendants' motions for attorney's fees (Doc. 29) and allowed for fees pursuant to U.S.C. § 1927, but not the court's inherent authority. (Doc. 33). Judge Mizelle directed the defendants to file a supplemental motion for determination of the amount of attorney's fees. (*Id.*).

- June 2, 2022: The defendants filed their supplemental motion for determination of attorneys' fees. (Doc. 34). Mr. Lape responded on

3

    June 16, 2022. (Doc. 36).

- June 28, 2022: Judge Mizelle reassigned Mr. Lape's case to the undersigned. (Doc. 37).

- December 6, 2022: Judge Mizelle remanded the undersigned's report and recommendation (Doc. 39) so the undersigned could "make a recommendation as to whether [fees defense counsel billed after March 8, 2021] are reasonable or whether [Attorneys McGuire and Lirot] is correct that some of those fees were for unrelated activities." (Doc. 42).

The defendants request $1,700.13 in fees against Attorneys McGuire and Lirot for time defense counsel spent defending against "[Mr. Lape's] Amended Complaint and [the defendants'] pursuit of attorneys' fees." (Doc. 34, p. 10).

## II. ANALYSIS

The parties dispute the extent to which the court granted sanctions and attorney's fees. Attorneys McGuire and Lirot raise three central objections to the defendants' fee and sanctions request: (1) defense counsel did not properly confer with Attorneys McGuire and Lirot; (2) some of defense counsel's billed hours are from dates outside the time range for which Judge Mizelle granted sanctions; and (3) some of defense counsel's billed hours are for tasks unrelated to the particular relief granted or the time entries are not specific enough, leaving Attorneys McGuire and Lirot "unable to determine how much of the time billed is related" to the particular relief granted by the court. (Doc. 36, pp. 2–5). This report will address each argument in turn.

4

**A. Conferral**

Attorneys McGuire and Lirot argue defense counsel failed to properly confer in accordance with Local Rule 7.01(c) by not providing the contemporaneous periodic billing statements used to calculate the requested sanctions. (*Id.* at 2–3).

Local Rule 7.01(c) requires parties claiming fees and expenses include "for any disputed rate or hour: (A) the timekeeper's identity, experience, and qualification; (B) the timekeeper's requested hours; (C) each task by the timekeeper during those hours; (D) the timekeeper's requested rate; (E) lead counsel's verification that counsel charges the rate requested, has reviewed each task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable; [and] (F) evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed for similar services by a lawyer of comparable skill, experience, and reputation." Local Rule 7.01(c)(4), M.D. Fla.

Technically, the information contained in defense counsel's prepared spreadsheets complies with the requirements of Local Rule 7.01(c)(4) so defense counsel sufficiently conferred with Attorneys McGuire and Lirot. However, the undersigned agrees providing the actual billing statements would have been a much more efficient and productive use of defense counsel's time. Consequently, this report will not include in the recommendation for

5

awarded fees the $27.30 in fees billed for preparing the spreadsheets.[1]

### B. Hours Billed After Dismissal of Amended Complaint

Attorneys McGuire and Lirot argue some of defense counsel's billed hours are on dates after the Amended Complaint was dismissed, such that those hours cannot be awarded to defense counsel under the court's sanctions order. (Doc. 36, p. 5; Doc. 36-2, Exhibit B).

In summary, the court in the *Squitieri* action granted sanctions to the defendants for fees "incurred in defending against the Second Amended *Squitieri* Complaint" against Attorney McGuire and for fees "incurred against the Third and Fourth Amended *Squitieri* Complaints jointly and severally against" Attorneys McGuire and Lirot. (*Squitieri*, Doc. 226, p. 20). The court concluded the Second Amended Complaint and Third Amended Complaint constituted "objectively unreasonable shotgun pleadings," the attorneys responsible for those two complaints should have known the complaints were frivolous shotgun pleadings, and the attorneys' filing of the complaints was sanctionable under Federal Rules of Civil Procedure 11(b)(2). (*Id.* at 6–8, 19). The court similarly concluded the Fourth Amended Complaint brought frivolous civil RICO claims, the attorneys should have known the claims were

---

[1] $2.94 (Doc. 34-1, Ex. 1, p. 4, second-to-last entry) + $14.40 (Doc. 34-1, Ex. 1, p. 4, last entry) + $1.96 (Doc. 34-1, Ex. 1, p. 5, second entry) + $8.00 (Doc. 34-1, Ex. 1, p. 5, second-to-last entry) = $27.30.

6

frivolous, and Rule 11(b)(2) sanctions were also appropriate for the Fourth Amended Complaint. (*Id.* at 7–8, 19).

In this action, the court incorporated the reasoning of the sanctions order in the *Squitieri* case and granted the defendants' request for attorney's fees "reasonably incurred responding to [Mr.] Lape's amended complaint." (Doc. 33, p. 2). The court's order remanding this report and recommendation noted the court used the terms "defending against" and "responding to . . . interchangeably . . . throughout the orders in the companion cases to this one." (Doc. 42, pp. 2–3).

The court adopted in full the undersigned's report and recommendation in the *Squitieri* action, and the undersigned applies the analysis from the report and recommendation in the *Squitieri* action to the present motion. *See* (*Squitieri*, Doc. 240). Thus, the undersigned concludes "responding to" the claims in Mr. Lape's Amended Complaint encompasses more than responding to complaints and includes actions defense counsel took between the filing of Mr. Lape's Amended Complaint and the court's dismissal of Mr. Lape's Amended Complaint. (Doc. 33, p. 2).

However, as detailed in defense counsel's exhibit, the fees billed after Mr. Lape's Amended Complaint was dismissed were accumulated in pursuit of obtaining a sanction of attorney's fees in this matter. *See* (Doc. 34-1, Exhibit 1). "Such so-called 'fees for fees' are generally recoverable if they are

7

reasonable." *Jarema v. United States*, No. 8:19-cv-197-SJB-CPT, 2021 WL 3511114, at *6 (M.D. Fla. June 7, 2021). Defense counsel's nine-month effort obtaining sanctions in Mr. Lape's case included two substantive filings (Docs. 29, 34) and a two-hour hearing (Doc. 32). Though defense counsel divides their attorneys' fees among the severed cases, the undersigned concludes the minimal filings and duplicative nature of the substance of the filings in the severed cases does not warrant the $924.33 defense counsel billed after Mr. Lape's Amended Complaint was dismissed.[2]

As mentioned previously, the undersigned recommends excluding the $27.30 defense counsel billed in drafting unnecessary spreadsheets as exhibits to the sanctions motion when the actual billing statements would have sufficed. The undersigned further recommends reducing the remaining post-judgment hours and fees by 75%, to a more reasonable total of **$224.26**.[3] *See*

---

[2] $1,700.13 (total fees billed) - $775.80 (fees billed prior to March 8, 2021) = $924.33.

[3] $924.33 (requested fees for fees) – $27.30 (fees billed for creating spreadsheets) = $897.03.

$897.03 * .25 = $224.26.

8

*Jarema*, 2021 WL 3511114 at *6 (reducing an "excessive" fees for fees request by 75%).[4]

### C. Hours Billed For Allegedly Unrelated Activities

In Exhibit C, Attorneys McGuire and Lirot list what they claim are "Hours Billed for Unrelated Tasks." (Doc. 36-3, Exhibit C). Attorneys McGuire and Lirot argue these hours were billed for work unrelated to responding to the Amended Complaint. (Doc. 36, p. 5; Doc 36-3, Exhibit C). Attorneys McGuire and Lirot argue defense counsel requests fees "related to correspondence and research regarding fee awards," which they assert are unrelated to responding to the Amended Complaint. (*Id.*).

All but one entry (billed on February 8, 2021) in Attorneys McGuire and Lirot's exhibit was time billed after March 8, 2021. The February 8, 2021 entry in Attorneys McGuire and Lirot's exhibit was billed for preparing template motions to dismiss in the severed actions and divided "equally amongst all twelve of the severed cases due to the nature of the task as being more

---

[4] While defense counsel's request of $924.33 in fees for fees is not in itself a large sum, the undersigned notes this request constitutes approximately only a small percentage of defense counsel's total request of fees for fees for the entirety of this litigation. *See* (Doc. 34, pp. 9–10) ("For entries pertaining to the litigation of attorneys' fees, the undersigned allocated 80% of such entries to the *Squitieri* et al litigation and 20% to the severed cases. Within the 20% allocated to the severed cases, the undersigned divided those entries by ten (10)—the number of cases for which Defendants have been awarded fees."). Defense counsel's total fees for fees request accumulated from the *Squitieri* case and the severed cases before the undersigned aggregates to $30,000. Thus, the minimal filings and duplicative nature of the substance of the filings warrants applying this consistent 75% reduction in fees for each of the cases.

appropriately shared amongst all of the severed cases." (Doc. 34, p. 9). All other billing entries in Attorneys McGuire and Lirot's exhibit were billed in pursuit of obtaining a sanction of attorney's fees. (Doc. 36-3, Ex. C). These fees were thus billed in defending against and responding to the Amended Complaint and no further reduction of fees for allegedly unrelated tasks is warranted.

### D. Hours Billed For Allegedly Related and Unrelated Tasks in One Billing Block

Attorneys McGuire and Lirot argue one of defense counsel's spreadsheet entries "billed for multiple tasks within the same billing entry" and combined hours related and unrelated to responding to the Amended Complaint. (Doc. 36, p. 5; Doc. 36-4, Exhibit D). However, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

This March 8, 2021 billing entry includes time spent preparing both the template motions to dismiss and a joint motion to stay discovery pending the court's ruling on the defendants' motion to dismiss. (Doc. 36-4, Exhibit D). The undersigned concludes these activities fall within the purview of work undertaken defending against and responding to Mr. Lape's Amended Complaint.

10

## III. CONCLUSION

It is **RECOMMENDED** that the defendants' Rule 7.01(c) motion for attorney's fees (Doc. 34) should be **GRANTED in part and DENIED in part**. The defendants should be awarded **$1,000.06** in fees jointly and severally against Attorneys McGuire and Lirot.[5]

**ENTERED** in Tampa, Florida on December 22, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

---

[5] $775.80 (fees billed prior to March 8, 2021) + $224.26 (permitted fees for fees) = $1,000.06.

11